Present at this term, Chief Justice *Clay*, until the 18th of *December*—Judges *Lipscomb, Saffold, Ellis, Crenshaw*, and *Minor.* On the resignation of Judge *Clay*, Judge *Lipscomb* appointed Chief Justice.

———

Peter McLaren *against* William B. Allen.     *December*, 1823.

THE Chief Justice delivered the opinion of the Court.     Writ of Error sued out before final judgment dismissed.

In this case, the Record shews, that at *March* term, 1822, of the Circuit Court of *Dallas* County, the parties appeared by their Attornies, and a verdict was rendered for the plaintiff, assessing his damages at $322 50: and no judgment or further proceedings in the Circuit Court appear.

A motion is now made by the defendant in Error to dismiss the writ of Error : in resistance of which, the plaintiff alleges, that at a subsequent term, and since the writ of Error was sued out, a judgment *nunc pro tunc* was entered, which it is proposed to bring up by certiorari.

It is on a final judgment only, that a writ of Error will lie. A verdict, until final judgment thereon, is, like any other interlocutory proceeding, under the control of the Inferior Court.

Let the writ of Error be dismissed with costs.